## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF INDIANA
## SOUTH BEND DIVISION

| | | |
|---|---|---|
| KRISTEN L. VANCE | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Cause No. 3:13 CV 652 |
| | ) | |
| ORTHOPEDIC AND SPORTS MEDICINE | ) | |
| CENTER OF NORTHERN INDIANA | ) | |
| d/b/a OSMC | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION AND ORDER

After she was terminated from her employment, *pro se* Plaintiff, Kristen Vance ("Vance") filed her complaint against her former employer alleging violations under numerous employment discrimination statutes.    Presently before the Court is the Defendant, Orthopedic and Sports Medicine Center of Northern Indiana, Inc d/b/a OSMC ("OSMC's") "Motion to Dismiss" [DE 10]. Vance responded on 11/12/13 to which the Defendant replied on 12/03/13.   Subsequently, Vance filed a surreply on December 20, 2013.   For the following reasons, the Motion to Dismiss will be GRANTED.

## APPLICABLE STANDARD

Rule 8 of the Federal Rules of Civil Procedure requires complaints to include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). In other words, the complaint must "give the defendant fair notice of what the ... claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson,* 355 U.S. 41, 47 (1957)). To survive a motion to dismiss, "a complaint must

1

contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2008) (quoting *Twombly,* 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal,* 556 U.S. at 678, 129 S.Ct. 1937. "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.' " *Id.* (quoting *Twombly,* 550 U.S. at 557, 127 S.Ct. 1955) (internal quotation marks omitted). A complaint is sufficient if it gives "enough details about the subject-matter of the case to present a story that holds together." *Swanson v. Citibank,* 614 F.3d 400, 404 (7th Cir.2010). On the other hand, a plaintiff "can plead himself out of court by pleading facts that show that he has no legal claim." *Atkins v. City of Chicago,* 631 F.3d 823 (7th Cir.2011).

## FACTUAL BACKGROUND

Vance was employed by OSMC beginning in September, 2007 as a Physical Therapy Aide. On March 9, 2012, Vance was terminated from that position.  In her complaint, which is a form of Complaint utilized in this District designed to aid *pro se* plaintiffs in bringing employment discrimination complaints, Vance recites that the basis of her claim includes claims under all of the employment discrimination statutes listed on the form including: Title VII of the Civil Rights Act of 1964 ("Title VII"), the Age Discrimination in Employment Act ("ADEA"), the Americans with Disability Act ("ADA"), the Rehabilitation Act, and equal rights under the law pursuant to 42 U.S.C. §1981. [DE 1, Section II "Basis of Claim and Jurisdiction"].  In the box labeled "other," Vance writes "All the above – Attach Files."  In Sections III (Statement of Legal Claim) and IV (Facts in Support of Complaint), Vance writes only "Attached Files." [DE 1, Sections III and IV].

Among the attached files, Vance included the Charge of Discrimination ("Charge") she filed with the Equal Employment Opportunity Commission ("EEOC") on December 10, 2012.  In the Charge, she alleges only discrimination based upon disability and retaliation. (DE 1-2 pp. 5-6).  She then indicates that on March 9, 2012, she was called into a meeting with OSMC's office manager and human resource representative and terminated "do [sic] to a patient's/physician complaint." [DE 1-2, p. 5].  Vance further indicates that she requested additional information regarding the reasons for her termination but that "due to the privacy act protecting the patient" no further information was provided to her.

The remainder of the Charge details an incident beginning in March 31, 2010, two years prior to the termination decision, wherein Vance alleges she was scheduled for a routine dental filling that resulted in jaw complications causing her to miss work for two weeks.  Eighteen months later, Vance claims that she remained in such discomfort from the procedure that she was scheduled for a cervical and jaw MRI and filled out a Family Medical Leave form to ensure she would be paid for the time off "and her job wouldn't be at risk."

Subsequently, Vance returned to work and states that for the next 3-5 months "I began to feel confident and reassured things were getting back to normal."  However, she indicates in her Charge that when she was terminated, she connected the discharge with this incident since she had received no indication of wrong-doing.  Nowhere in her charge does she indicate any personal belief that her termination was discriminatory under any federal discriminatory statute nor does she assert that she complained about federally protected activity and was terminated as a result of those complaints.

**DISCUSSION**

3

OSMC bases its motion to dismiss on several grounds.  First, it argues that with the exception of the ADA claim, all of Vance's discrimination claims asserted in her form of Complaint are barred because they were not included within the charge of discrimination.  Second, it contends that the ADA claim must be dismissed because it fails to meet the legal standard under Fed.R.Civ.P. 8(a)(2) thereby, failing to state a claim for relief.

Turning first to the argument that all Vance's claims are barred,  save her ADA claim, it is well-established that a plaintiff's right to sue in federal court for employment discrimination under Title VII is dependent on filing a timely charge of discrimination with the EEOC and receiving a right-to-sue notice. *Taylor v. Books A Million, Inc.,* 296 F.3d 376, 378–79 (5th Cir.2002). Failure to exhaust administrative remedies "is not a procedural 'gotcha' issue," but "a mainstay of proper enforcement of Title VII remedies." *McClain v. Lufkin Industries, Inc.,* 519 F.3d 364, 272 (5th Cir.2008), *cert. denied,* 129 S.Ct. 198 (2008). Moreover, "[a]  plaintiff generally cannot bring a claim in a lawsuit that was not alleged in the EEOC charge, and, while not a jurisdictional element, it is a prerequisite with which a plaintiff must comply before filing suit." *Graham v. AT&T Mobility, LLC*, 247 Fed. Appx. 26, 29 (7th Cir. 2007) (citing *Cheek v. Western & S. Life Ins. Co.*, 31 F.3d 497, 500 (7th Cir. 1994)). The rationale for this rule, as explained by the Seventh Circuit, is as follows:

> This provides the employer with notice about the particular challenged conduct and provides an opportunity for settlement of the dispute." *Id*. A plaintiff, however, may proceed on a claim not explicitly mentioned in his EEOC charge "if the claim is like or reasonably related to the EEOC charges, and the claim in the complaint reasonably could be expected to grow out of an EEOC investigation of the charge.

*Peters v. Renaissance Hotel Operating Co.*, 307 F.3d 535, 551 (7th Cir. 2002) (internal quotations and citations omitted). At the very least, these claims must involve the same conduct and implicate the same individuals. *Id*. (citations omitted).  *Graham*, 247 Fed. Appx. at 29 (citing *Cheek*, 31 F.3d

4

at 500). As the Seventh Circuit has further explained, "allowing a complaint to encompass allegations outside the ambit of the predicate EEOC charge would frustrate the EEOC's investigatory and conciliatory role, as well as deprive the charged party of notice of the charge." *Cheek*, 31 F.3d at 500.

Here, it is clear that Vance did not assert or intend to assert in her Charge any claims of discrimination under Title VII (race, sex, religious, or national origin discrimination), the ADEA (age discrimination), the Rehabilitation Act or 42 U.S.C. §1981 that she recites in her Complaint. There is simply no mention in her Charge of any discriminatory reason for her termination under these statutes. As a result, these claims are DISMISSED.

Moreover, the only mention of disability discrimination is the fact that the box titled "Disability" in the Charge is checked and the facts she describes in her Charge related to her medical complication from a routine filling. But, these contentions of disability discrimination and retaliation fail to meet the minimal standards of pleading that are required to state a claim for relief under the ADA.

Title I of the ADA prohibits employers from discriminating against any qualified individual with a disability on the basis of that disability. 42 U.S.C.§§12101, 12111. To establish a prima facie claim under Title I of the ADA, an employee must establish (1) that she is a disabled person within the meaning of the ADA; (2) that she is qualified, with or without reasonable accommodation, to perform the essential functions of the job that she holds or seeks; and (3) that she has suffered an adverse employment decision because of her disability. *See Winsley v. Cook County*, 563 F.3d 598, 603 (7th Cir.2009). To withstand a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6), a plaintiff need not prove, or submit evidence in support of, her prima facie case-she need only allege facts

that, if accepted as true, state a plausible ADA claim. *Iqbal*, 556 U.S. at 678.

Here, plaintiff has altogether failed to assert any facts that would show a plausible ADA claim. She has not set forth any facts alleging she is disabled under the meaning of the ADA.[1] And, while Vance is not required to plead detailed facts or evidence to support her claim, she must allege that she is disabled within the meaning of the ADA and that OSMC discriminated against him because of that disability with enough facts to raise his claim beyond the speculative level as described in *Twombly* and Iqbal . Vance's complaint doesn't go nearly far enough to show her ADA claim is plausible. Therefore, her ADA must be DISMISSED as well.

Vance also makes a rather general allegation related to her retaliation claim checked in her Charge when she states that "the only thing that popped in my head was [the jaw incident] and no wrongdoing from me." In and of itself, this is the only allegation related to any alleged retaliation by her employer. But, to survive a motion to dismiss a retaliation plaintiff must set forth plausible facts that the adverse employment act was at least related to some federally protected activity. Indeed, "to state a claim for retaliation, plaintiff must allege that [s]he was discriminated against because [s]he "opposed any practice made an unlawful employment practice by this subchapter" or "made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter." 42 U.S.C. § 2000e–3(a). *Elzey v. Centerplate Cafe,* 2010 WL 3526264, 3 (N.D.Ind. 2010). She has not done so. As a result, her retaliation claim is DISMISSED.

---

[1] The ADA defines someone as disabled when they (1) have a physical or mental impairment that substantially limits their major life activities; (2) have a record of such impairment; or (3) are regarded as having such an impairment. *See* 42 U.S.C. § 12102(2). *See also Hancock v. Potter,* 531 F.3d 474, 479 (7th Cir.2008). Major life activities are defined as functions, such as caring for oneself, performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, and working. *See* 29 C.F.R. § 1630.2(i).

## **<u>CONCLUSION</u>**

Based on the foregoing, the Defendant's Motion to Dismiss [DE 10] is GRANTED.  The Clerk shall enter judgment in favor of the Defendant.

Entered: January 29, 2014

s/ William C. Lee

United States District Court
